IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01999-BNB

BRIAN ALLEN WASHINGTON,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Brian Allen Washington, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 06CR3026. The court must construe the application liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Washington will be ordered to file an amended pleading if he wishes to pursue any claims in this action.

The court has reviewed the application and finds that it is deficient. First, the People of the State of Colorado is not a proper Respondent in this action. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). It appears that Mr. Washington currently is incarcerated at the Sterling

Correctional Facility.  Therefore, he should name as a Respondent the warden of that facility.

More importantly, the court also finds that the application is deficient because Mr. Washington fails to assert any claims for relief.  Although Mr. Washington lists in the application a number of claims he allegedly raised on direct appeal, it is not clear whether he intends to reassert some or all of those claims in this action.  Furthermore, even if Mr. Washington does intend to assert in this action some or all of the claims he raised on direct appeal, the application still is deficient because he fails to allege specific facts in support of those claims.

For these reasons, Mr. Washington will be directed to file an amended pleading.  Mr. Washington must name proper Respondents and, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must identify the specific federal constitutional claims he is asserting and the specific factual allegations that support each asserted claim.  Mr. Washington is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Washington file an amended application that complies with

this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Washington shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Washington fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that Applicant's Motion for Review (ECF No. 4) is denied as unnecessary.

DATED July 29, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge