IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01999-BNB

BRIAN ALLEN WASHINGTON,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Brian Allen Washington, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Washington initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) in which he indicates that he seeks to challenge the validity of his criminal conviction in Adams County, Colorado, District Court case number 06CR3026.  However, Mr. Washington did not assert any claims for relief in the application.

    On July 29, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Washington to file an amended application that names proper Respondents and that identifies the claims he is asserting and the specific factual allegations that support those claims.  Mr. Washington was warned that the action would be dismissed without further notice if he failed to file an amended application within thirty days.  On August 29, 2013, Magistrate Judge Boland entered a minute order granting Mr. Washington an extension of time until September 30, 2013, to file an amended application, but Mr.

Washington has failed to file an amended application within the time allowed.

Although Mr. Washington has failed to file an amended application, he did file on September 23, 2013, a "Motion to Allow Plaintiff to Re-Open Present Pleadings" (ECF No. 9) in which he asks the Court either to hold this action in abeyance pending the resolution of any postconviction claims or to allow him to reopen the action if he is required to exhaust state remedies for his postconviction claims.  Mr. Washington indicates that he intends to assert in this action unspecified ineffective assistance of counsel and other claims that were not raised on direct appeal and that are not exhausted.  For the reasons stated below, the "Motion to Allow Plaintiff to Re-Open Present Pleadings" will be denied.

To obtain habeas relief, an applicant ordinarily must exhaust the available state remedies.  *See* 28 U.S.C. § 2254(b)(1).  Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies for a particular claim is a matter of district court discretion.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  However, "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.  A motion for a stay may be granted only if (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged in intentionally dilatory litigation tactics.  *Id.* at 277-78.

Mr. Washington fails to demonstrate a stay is necessary or appropriate because he has failed to comply with Magistrate Judge Boland's order directing him to file an amended application that identifies the claims he is asserting in this action. Furthermore, even if the Court assumes Mr. Washington intends to assert a claim or

claims that are not exhausted, he fails to demonstrate good cause for his failure to exhaust state remedies prior to filing this action. Finally, without knowing what claims Mr. Washington is asserting in this action, the Court cannot determine whether those claims potentially are meritorious.

For these reasons, Mr. Washington's request for a stay will be denied. His alternative request to reopen this action also will be denied. If Mr. Washington wishes to pursue any federal constitutional claims in a federal habeas corpus action after exhausting state remedies, he must file a new action. The instant action will be dismissed without prejudice based on Mr. Washington's failure to comply with Magistrate Judge Boland's order directing him to file an amended application.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the "Motion to Allow Plaintiff to Re-Open Present Pleadings" (ECF No. 9) is denied. It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Washington failed to file an amended application as directed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 9th day of October, 2013.

BY THE COURT:

s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court